QUESTION: To what fees or service charges is a circuit court clerk entitled in filing and recording pleadings and orders of the court in veterans' guardianship proceedings?
SUMMARY: Pending legislative or judicial clarification, a circuit court clerk is entitled only to the ten dollar fee prescribed by s. 294.11, F.S., for filing and recording pleadings and orders of the court in veterans' guardianship proceedings. The Uniform Veterans' Guardianship Law, adopted in Florida in 1929 by Ch. 14579, 1929, Laws of Florida (now Ch. 293, F.S.), has been said to provide a "practical, speedy and economical procedure" for the appointment of guardians of incompetent veterans or their dependents who have received or are entitled to receive payments of money from the United States Government through the Veterans' Administration. See Curatorship of Parks, 26 So.2d 289 (La. 1946). As supplemented by Ch. 294, F.S., the authority to appoint guardians of incompetent veterans was vested in the county judge, s. 294.02, F.S. 1971; and s. 294.11, id., provided that Upon the filing of the petition for guardianship, granting of same and entering decree thereon, the county judge shall be entitled to a fixed charge or cost of ten dollars, which shall include the cost of recording the petition, bond and decree and the issuance of letters of guardianship. . . . This statute also required the county judge to send two certified copies of the letters of guardianship to the Veterans' Administration without charge or expense to the estate involved; and s. 293.15 requires officials charged with the custody of public records required by the Veterans' Administration in determining eligibility for veterans' benefits to provide certified copies thereof, free of charge, to the Veterans' Administration, and to collect the authorized fees from the county commissioners. Under revised Article V, State Const., as implemented by Ch. 72- 404, Laws of Florida, the circuit court now has exclusive original jurisdiction of guardianship proceedings, see s. 26.012(2)(b), F.S.; and the circuit court clerk now performs the nonjudicial duties of filing and recording instruments in connection with veterans' guardianship proceedings and is entitled to the ten dollar "charge or cost" provided by law for these services. See s. 294.11, F.S., as amended by a reviser's bill, Ch. 73-334, Laws of Florida. Section 293.19 (adopted in 1943 by Ch. 21795, 1943, Laws of Florida) provides that the "court costs" in veterans' guardianship proceedings for "docketing, indexing, filing, auditing, recording, and passing by order or otherwise of annual reports" shall not exceed the sum of two dollars where the amount received by the guardian during the accounting year does not exceed five hundred dollars and the funds on hand at the end of the accounting year do not exceed five hundred dollars. By implication, this statute authorized the county judge to charge for the services performed by him in connection with a guardian's annual report under the county judge's fee schedule, s. 36.17, F.S. 1971, when the amount received by the guardian and on hand at the end of the accounting year exceeded five hundred dollars; and it would seem at first glance that, by analogy, a circuit court clerk would be entitled to a fee or service charge for performing nonjudicial duties with respect to such reports. However, as noted in AGO 072-327, in construing s. 28.2401, providing a uniform fee in probate and guardianship estates, . . . the clerk's fee statute, s. 28.24, F. S., does not schedule a fee for filing alone; and the clerk's service charge for filing papers in trial and appellate proceedings is included in the flat filing fees prescribed by s.28.241, id. Thus, there appears to be no statutory authorization for charging additional filing fees for documents after October 1, 1972. Thus, the mere filing of the guardian's annual reports and final report would not be within the purview of the clerk's fee schedule; nor can it be said with any degree of certainty that services performed by the clerk in connection with routine pleadings and orders filed and recorded in a veteran's guardianship proceeding are compensable under the clerk's fee schedule. While s. 294.11, supra, prescribing a "fixed charge or cost" of ten dollars in veterans' guardianship proceedings, appears to apply only to the initial pleadings culminating in the issuance of guardianship letters, it must be remembered that, as originally adopted, this statute applied to the charges that could be made by the county judge in carrying out his duties in such proceedings and was obviously intended to be a limitation upon the fees which could otherwise have been charged by him under the county judges' fee schedule, s. 36.17, F.S. The same thing is true of the two dollar limitation upon "court costs" for annual reports made in small veterans' guardianship estates prescribed by s. 293.19, supra. Here, however, we are concerned with the service charges that may be made by a circuit court clerk in connection with a veteran's guardianship proceeding; and it has been uniformly ruled by this office that the fifteen dollar flat filing fee or "service charge" prescribed by s. 28.241, F.S., for a circuit court clerk in civil and noncapital criminal proceedings was intended to include the filing and recording of all matters directly connected with such proceedings and which would have been charged against a defendant when he became liable for costs. Attorney General Opinion 072-87 and opinions cited. Accord: Attorney General Opinions 072-327 and 072-390 as to the uniform fee or service charge prescribed by s. 28.2401, F.S., for guardianship and probate proceedings. As noted above, the statutes in question, Chs. 293 and 294, supra, are intended to provide an economical procedure for the administration of the estates of incompetent veterans or their dependents derived from federal funds; and an interpretation of the applicable statutes which would authorize the clerk to make an additional charge for pleadings, orders, and other matters that are directly connected with and required by law in such proceedings would be contrary to the purpose and intent of the legislature, as well as the uniform ruling with respect to the matters covered by the clerk's flat filing fee or service charge prescribed by law for his services in connection with various types of judicial proceedings. Accordingly, pending legislative or judicial clarification, I have the view that the clerk is entitled only to the ten dollar fee
prescribed by s. 294.11, supra, for filing and recording pleadings and orders of the court in veterans' guardianship proceedings.